IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LEE RICHARDSON                                                               PLAINTIFF

v.                              CIVIL ACTION NO. 3:11-cv-231-CWR-FKB

RONALD RHODES, et al.                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are motions for summary judgment from Defendants Donald Rhodes and Ronald Rhodes. Docket Nos. 47; 49. Both defendants have also filed motions to strike the affidavits of Plaintiff Lee Richardson. Docket Nos. 58; 63. The motions are fully briefed and are ripe for review. The motions are DENIED.

**I. Factual and Procedural History**

Plaintiff Lee Richardson alleges that, while driving his truck in Utica, Mississippi on June 19, 2009, several deputies of the Hinds County Sherriff's Department stopped him in traffic and pulled their revolvers on him. A struggle followed, wherein the deputies pulled Richardson from his truck, handcuffed him, and then struck him on his head, back, side, and legs. Richardson also alleges that the deputies damaged his truck and searched it without permission.

Richardson filed suit in state court on September 19, 2010, against Hinds County, Miss., twin brothers Ronald and Donald Rhodes, and several John Doe members of the Hinds County Sherriff's Department, seeking damages under 42 U.S.C. §§ 1981 and 1983 for violation of his Fourth and Fourteenth Amendment rights, and also seeking damages under state law. Docket No. 1-1, at 35. The defendants removed the matter to this Court on April 20, 2011.

At an earlier hearing, Richardson conceded his §1981 and state law claims. Subsequently, each of the named defendants filed separate motions for summary judgment. The Court, in a

previous order, Docket No. 65, granted Hinds County's motion, after Richardson conceded that summary judgment in favor of the County was proper. The Court now considers Ronald Rhodes's and Donald Rhodes's summary judgment motions, alongside their motions to strike. Both Ronald and Donald argue that Richardson has failed to prove an essential element of his §1983 claim because he has failed to produce admissible evidence indicating that they were personally involved in, or otherwise caused, the alleged deprivation of his constitutional rights. These motions are denied for reasons explained below.

## II. Discussion

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citations omitted), but unsubstantiated assertions are not competent summary judgment evidence, *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

Richardson has entered two affidavits into the summary judgment record that support his claim. In both documents he swears: "On the evening of June 19, 2009, Ronald [and Donald] Rhodes was one of the officers who accosted me in Utica, Mississippi as asserted in my First Amended Complaint. There is not doubt in my mind." Docket Nos. 53-1; 55-2.

The defendants argue that these averments are based on inadmissible hearsay and should therefore be disregarded, or stricken, because they fail to satisfy the requirements of Federal Rule of Civil Procedure 56(c)(4). The rule requires that: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible

in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.*

The error of the defendants' argument is belied by Richardson's affidavits, both of which plainly state that he has "personal knowledge of the factual matters set forth therein." Richardson is clearly attesting to information based on his own participation in the incident that occurred on June 19, 2009. And, "personal knowledge may be reasonably inferred 'from the nature of [the affiant's] participation in the matters to which they swore.'" *Johnson v. Turner*, No. 3:11-cv-86, 2012 WL 775142, at * 2 n.10 (S.D. Miss. Mar. 7, 2012) (citing *Biliouris v. Sundance Res., Inc.*, No. 3:09-cv-253, 2010 WL 1541500, at *3 (N.D. Tex. April 15, 2010) (quoting *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005)). Further, the affidavits themselves contain no statement that could be considered hearsay. Accordingly, the Court finds no compelling reason to strike them from the record.

### III. Conclusion

Richardson's affidavits demonstrate a genuine dispute of material fact as to the identity of the defendants in this case. Accordingly, the defendants' motions for summary judgment and to strike are DENIED.

**SO ORDERED**, this 31st day of May, 2013.

                                        s/Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE